Michael F. Thomson (#9707)
Jeffrey M. Armington (#14050)
**DORSEY & WHITNEY LLP**
136 South Main Street, Suite 1000
Salt Lake City, UT 84101-1685
Telephone: (801) 933-7360
Facsimile: (801) 933-7373
Email: thomson.michael@dorsey.com
          armington.jeff@dorsey.com

*Attorneys for Michael F. Thomson, Chapter 7 Trustee*

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF UTAH

| | |
|---|---|
| In re:<br><br>GARY RICHARD BASTIAN,<br><br>Debtor. | Bankr. Case No. 12-33058<br><br>Chapter 7<br><br>The Honorable R. Kimball Mosier |

### CHAPTER 7 TRUSTEE'S MOTION TO SELL PROPERTY OUT OF THE ORDINARY COURSE OF BUSINESS, FREE AND CLEAR OF INTERESTS AND SUBJECT TO HIGHER AND BETTER OFFERS

Pursuant to 11 U.S.C. § 363(b) and (f), as well as Federal Rule of Bankruptcy Procedure 6004, Michael F. Thomson, the duly appointed Chapter 7 trustee (the "Trustee") for the bankruptcy estate of Gary Richard Bastian (the "Debtor"), hereby moves this Court for entry of an Order approving the sale of the Debtor's interests in oil, gas and other mineral and royalty rights relating to certain oil and gas leases, free and clear of liens and encumbrances except for current and prior year ad valorem taxes, and subject to higher and better offers, with valid interests in such property attaching to the net sale proceeds.  In support hereof, the Trustee states as follows:

-1-

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

*General*

4. On October 12, 2012, the Debtor filed a petition seeking relief under Chapter 7 of the Bankruptcy Code, and the Trustee was appointed as the Chapter 7 trustee of the Debtor's bankruptcy estate.

5. Since his appointment, the Trustee has engaged in an investigation of the Debtor's assets, and a component of the assets comprising the Debtor's estate is the Debtor's interests in mineral and royalty rights relating to certain oil and gas leases on real property located identified as follows (the Debtor's interests in the mineral and royalty rights relating to said oil and gas leases are referred to herein as the "Property"):

- Wisse 3-35A2, located in Duchesne County, Utah;
- Lamb 2-16-A2, located in Duchesne County, Utah;
- Boren 4-9A2, located in Duchesne County, Utah;
- Boren 6-16A2, located in Duchesne County, Utah;
- Hamblin 2-26A2, located in Duchesne County, Utah;
- Hamblin 3-9A2, located in Duchesne County, Utah;
- Matthews 2-13B2, located in Duchesne County, Utah;
- Elder 1-13B2, located in Duchesne County, Utah;
- Birchell 1-27A1, located in Duchesne County, Utah; and
- Fowles 1-26A1, located in Uintah County, Utah.

*The Proposed Sale of the Property*

6. The Trustee has solicited and received several offers to purchase the Property. The highest offer that the Trustee has received to date is from M IV OPS., Inc. ("M IV"), which offered the Trustee $15,465.00 for the Property, contingent on the Property being sold free and clear of all liens and encumbrances except for current year and possibly prior year ad valorem taxes.

7. The Trustee requests Court authorization to sell the Property to M IV for $15,465.00, subject to the Trustee receiving higher and better offers as set forth below.

*Competing Offers*

8. As stated above, the sale of the Property to M IV is subject to higher and better offers. If the Trustee receives an offer for the Property that he deems, in his sole and absolute discretion, to be higher and better (a "Qualified Offer"), then the Trustee will give written notice to M IV, as well as to any other parties that have submitted a Qualified Offer, of his intent to conduct an auction of the Property. Any auction of the Property will be conducted by the Trustee on May 30, 2013 at 1:00 p.m. (Mountain Time) at the offices of Dorsey and Whitney LLP, 136 South Main Street, Salt Lake City, Utah 84101. Persons or entities desiring to take part in the auction must attend the auction in person or by telephone, and the Trustee will make appropriate arrangements for any party wishing to take part in the auction telephonically.

9. If an auction is held relating to the Property, the Trustee shall determine, in his sole and absolute discretion, which offer made at the auction constitutes the highest and best offer. Immediately thereafter, the Trustee shall report the results of the auction by filing a Notice of Auction Sale with the Court, and it will be the sale to the winning auction bidder for which Court approval shall be sought pursuant to this Motion.

10. To be a Qualified Offer, the offer must: (a) be submitted to the Trustee in writing so that it is received by the Trustee and his undersigned counsel by no later than **May 28, 2013 at 3:00 p.m. (Mountain Time)** (the "Bid Deadline"); and (b) be accompanied with proof of immediate ability to pay for the Property.

11. In the event of an auction, no offer will be deemed to be a winning bid unless the bidder has taken part in the auction, either in person or by telephone, and submits proof sufficient to the Trustee that it has immediate ability to pay for the Property.

12. If no higher or better offers are received by the Trustee prior to the Bid Deadline, M IV shall be the buyer of the Property for purposes of this Motion.

### RELIEF REQUESTED

13. By this Motion, the Trustee seeks the entry of an Order approving the sale of the Property, free and clear of liens and encumbrances except for current and prior year ad valorem taxes, and subject to higher and better offers, with valid interests in the Property attaching to the net sale proceeds.

### APPLICABLE AUTHORITY

I. The Sale of the Property Out of the Ordinary Course of Business Is Warranted

14. The Bankruptcy Code provides that the "trustee, after notice and a hearing, may use, sell, lease, other than in the ordinary course of business, property of the estate."[1]

15. In order to approve a sale of a debtor's assets outside the ordinary course of business, the Trustee must show that:

    a. a sound business reason exists for the sale;

---

[1] 11 U.S.C. § 363(b)(1).

-4-

  b. there has been adequate and reasonable notice to interested parties, including full disclosure of the sale terms and the Debtor's relationship with the buyer;

  c. the sale price is fair and reasonable; and

  d. the proposed buyer is proceeding in good faith.[2]

16. The Trustee has met all four parts of this test, and as such, he respectfully requests that the Court grant the relief requested in this Motion by authorizing the proposed sale of the Property.

### *Sound Business Purpose*

17. Courts show great deference to a trustee's decisions.[3] Additionally, a "presumption of reasonableness" attaches to the decisions of those controlling a debtor.[4]

18. The Trustee submits that the proposed sale of the Property pursuant to the above terms and procedures is based on sound business judgment, and the Trustee has made an independent and informed decision based on his knowledge of the Property that the proposed sale terms and procedures are the best way to maximize the Property's value for the benefit of the Debtor's creditors.

19. Therefore, in his business judgment, the sale of the Property pursuant to the above terms and procedures is in the best interest of the Debtor's estate.

### *Notice of the Proposed Sale Is Appropriate*

---

[2] *See In re Med. Software Solutions*, 286 B.R. 431, 439–40 (Bankr. D. Utah 2002).

[3] *See Summit Land Co. v. Allen (In re Summit Land Co.)*, 13 B.R. 310, 315 (Bankr. D. Utah 1981).

[4] *In re Johns-Manville Corp.*, 60 B.R. 612, 615–16 (Bankr. S.D.N.Y. 1986).

4843-6450-6387\2

20. Adequate and reasonable notice of the proposed sale, including full disclosure of the material terms of the sale, will be made to all interested parties in the Debtor's case.

21. The Trustee will serve a Notice of Hearing (the "<u>Notice</u>") upon all creditors and parties-in-interest in the Debtor's bankruptcy case, which Notice shall provide, among other things, notice of the hearing on this Motion, a general description of the Property, the bidding procedures, and the material terms of the proposed sale. Additionally, the Trustee will serve the Notice upon all parties who previously expressed an interest in purchasing the Property, including all parties that previously submitted an offer to the Trustee for the Property.

22. The Trustee asserts that the above notice procedures are fair, reasonable, and afford notice as required under the Bankruptcy Code.

*Fair and Reasonable Price*

23. The Trustee believes that the sale of the Property as proposed herein is fair, reasonable and will ensure that the estate obtains the highest and best price for the Property. In his business judgment, the Trustee has already received a fair and reasonable offer from M IV to purchase the Property for $15,465.00. Additionally, if the Trustee receives a Qualified Offer, the auction of the Property will create a competitive bidding process that ensures the Property will be sold for a fair and reasonable price.

*Good Faith Purchaser*

24. The Trustee believes that the Property will be sold to a good faith purchaser.

25. Although the Bankruptcy Code does not define "good faith," the Tenth Circuit has determined, in the context of 11 U.S.C. § 363(m), that a "good faith" purchaser is "one that buys

in good faith, and for value."[5]  Actions that destroy a purchaser's good faith include "fraud, collusion between the purchaser and other bidders or trustee, or an attempt to take grossly unfair advantage of other bidders."[6]

26. To the best of the Trustee's knowledge, M IV is a third-party purchaser who has no connections to the Trustee, the Trustee's professionals, the Office of the United States Trustee or its employees, the Debtor or the Debtor's creditors.

27. Moreover, the sale of the Property to M IV is subject to higher and better offers. Thus, if the Trustee receives a Qualified Offer, the auction procedures make certain that the Property is sold for a fair and reasonable value.

*A Sale of the Property Free and Clear of Interests Is Appropriate*

28. 11 U.S.C. § 363(f) states that a trustee may sell estate property free and clear of interests, if:

(1) applicable non-bankruptcy law permits the sale of such property free and clear of such interest;

(2) such entity consents;

(3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;

(4) such interest is in bona fide dispute; or

---

[5] *Tompkins v. Frey (In re Bel Air Assocs., Ltd.)*, 706 F.2d 301, 304 (10th Cir. 1983).

[6] *Id.* at 305 n.11 (citation omitted); s*ee also In re Lotspeich*, 328 B.R. 209 (10th Cir. BAP 2005).

  (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

29. Because Section 363(f) is in the disjunctive, the satisfaction of any one of the requirements enumerated therein will warrant the Trustee's proposed sale of the Property free and clear of any and all interests.

30. The Trustee is not aware of any liens or interests in the Property. However, to the extent any party asserts a lien against, or interest in the Property, the Trustee believes that such party will be adequately protected as the purported lien or interest would attach to the proceeds of the sale. Furthermore, to the extent there are current or prior year ad valorem taxes, the Property is being sold subject to such taxes.

31. Accordingly, the Trustee requests that the Court grant this Motion by authorizing the sale of the Property free and clear of any interests pursuant to 11 U.S.C. §§ 363(b) and (f).

## CONCLUSION

WHEREFORE, the Trustee requests that the Court grant this Motion and authorize the sale of the Property, free and clear of all liens and encumbrances except for current and prior year ad valorem taxes, and subject to higher and better offers, with any valid interests in the Property attaching to the net sale proceeds.

DATED this 1st day of May, 2013.

              **DORSEY & WHITNEY LLP**

               */s/ Jeffrey M. Armington*
              Michael F. Thomson
              Jeffrey M. Armington
              *Attorneys for Chapter 7 Trustee*

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 1, 2013, the foregoing CHAPTER 7 TRUSTEE'S MOTION TO SELL PROPERTY OUT OF THE ORDINARY COURSE OF BUSINESS, FREE AND CLEAR OF INTERESTS AND SUBJECT TO HIGHER AND BETTER OFFERS was filed with the Court and served via the Court's CM/ECF system upon all parties that receive electronic notice in the above-captioned bankruptcy case.

*/s/ Jeffrey M. Armington*

4843-6450-6387\2